UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SA CV 18-0911-DOC (JPRx)                                      Date: July 25, 2018

Title: AUGUST B. DOPPES ET AL V. CALIFORNIA SCENTS, LLC

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO REMAND [14]**

Before the Court is Plaintiffs August B. Doppes and Linda L. Doppes (collectively, "Plaintiffs") Motion to Remand ("Motion") (Dkt. 14). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court GRANTS the Motion and REMANDS the action.

**I.   Background**

Plaintiffs filed suit in Superior Court of California, County of Orange, on April 25, 2018, bringing claims for breach of contract and breach of the covenant of good faith and fair dealing. *See generally* Compl. (Dkt. 1-1). On May 29, 2018, Defendant California Scents, LLC ("Defendant") removed the case to federal court based on diversity jurisdiction. *See* Notice of Removal (Dkt. 1). For the purposes of diversity jurisdiction, Plaintiffs are citizens of California. *See* Compl. ¶¶ 1–2, 10, 18. Defendant, a California limited liability company, asserts that it is a citizen of Missouri and Delaware for diversity purposes, based on the following contentions:

- As a limited liability company, Defendant is deemed to be a citizen of a state where every member is a resident or citizen;

- American Covers, LLC is a Utah limited liability company and the sole managing member of Defendant;
- Energizer Brands II Holding, LLC is a Delaware limited liability company and the sole managing member of American Covers, LLC;
- Handstands CV is a commanditaire venootschap, organized under the laws of the Netherlands, and is the sole managing member of Energizer Brands II Holding, LLC.
- Handstands CV consists of two partners, EHI LLC (general partner) and Energizer Brands, LLC (limited partner);
- The sole managing member of EHI LLC is Energizer Brands, LLC, a Delaware limited liability company;
- Energizer Brands, LLC is the sole managing member of EHI LLC;
- Energizer Investment Company ("EIC") is the sole managing member of Energizer Brands, LLC;
- there are no additional members or managers within the aforementioned organizational structure;
- based on this structure, Defendant's citizenship is the same as EIC's citizenship; and
- at the time the Action was commenced and presently, EIC was and is incorporated under the laws of Delaware, and has its principal place of business in Missouri.

Notice of Removal at 3–5.

Plaintiffs filed the instant Motion to Remand on June 22, 2018. Defendants opposed ("Opp'n") (Dkt. 22) on July 16, 2018. Plaintiffs replied ("Reply") (Dkt. 23) on July 23, 2018.[1]

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991)

---

[1] In their Reply, Plaintiffs ask the Court to stay this motion pending a forthcoming motion to enforce an alternative dispute resolution provision, but the Court must first determine whether it has subject matter jurisdiction before proceeding further with this action. *See* Reply n.1.

("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

A defendant may generally remove a civil action from a state court to a federal court "embracing the place where such action is pending" if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed by a defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996); *Wis. Dept. of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998).

The party asserted diversity jurisdiction has the burden to establish there is diversity of citizenship supporting diversity jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction . . . It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted). The Ninth Circuit has held that, for the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

## III. Discussion

Because Defendant is an LLC, the Court must look to the citizenship of its members to determine Defendant's citizenship for the purposes of diversity jurisdiction. *See id.* Defendant asserts that American Covers, LLC, a Utah limited liability company, is the sole managing member of Defendant; and that, through a chain of managing members of LLC or partnerships, Defendant has the same citizenship as EIC: Delaware and Missouri. *See generally* Notice of Removal; Opp'n; Declarations of Kathryn A. Dugan (Dkts 1-8, 22-1).

However, as Plaintiffs point out, documents filed by Defendant with the California Secretary of State suggest that American Covers, LLC is not the only member of Defendant. *See* Reply at 1. Specifically, Defendant's Articles of Organization ("Articles") (Dkt. 14-2, Ex. A), filed with the California Secretary of State on July 14, 2016, state that

Defendant "will be managed by [a]ll Limited Liability Company Member(s)." Further, Defendant's Statement of Information (Dkt. 14-2, Ex. A), filed with the California Secretary of State on November 14, 2016, states "please see attached" under the category "Manager(s) or Member(s)." Attached are two attachments: one lists thirteen individuals as "Manager(s) or Member(s)" and the other lists the same thirteen individuals as "Officers/Managers." *See* Statement of Information. However, Defendant does not provide these individuals' states of citizenship for diversity purposes. *See generally* Notice of Removal; Opp'n.

Defendant argues that these thirteen individuals are not Defendant's members and that the listing of them as "officers" in the documents does not transform these individuals into Defendant's members. Opp'n at 7. Kathryn Dugan's declaration, filed by Defendant in support of its Opposition, states that none of the thirteen individuals listed are, or ever were, members of Defendant. Declaration of Kathryn Dugan (Dkt. 22-1) ¶ 4. However, the publicly-filed documents appear to suggest that the thirteen individuals are Defendant's members, because Defendant's Articles of Organization state that Defendant is managed by all of its members, and Defendant's Statement of Information list these thirteen individuals both as the "Manager(s) or Member(s)" of Defendant and as the "Officers/Managers" of Defendant. In other words, Defendant's managers are its members, and these thirteen individuals are listed as managers. Thus, these documents appear to suggest that these individuals are members of Defendant, despite Defendant's assertions to the contrary. Given Defendant's failure to adequately explain this discrepancy, and given the "strong presumption" against diversity jurisdiction, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), Defendant has failed to carry its burden to establish the citizenship of its members, and thus Defendant has not established its own citizenship for diversity purposes. Accordingly, because Defendant has failed to establish that diversity of citizenship exists between parties, remand is warranted. *See Solberg v. NDEx West, L.L.C.*, No. C 10–4600 SBA, 2011 WL 1295940, at *3–4 (N.D. Cal. Mar. 31, 2011) (granting remand when defendant failed to allege facts regarding the citizenship of an LLC).

## IV.   Disposition

For the reasons stated above, the Court GRANTS Plaintiffs' Motion and REMANDS this action to the Superior Court of California, County of Orange.

The Clerk shall serve this minute order on the parties.